1  John P. Flynn (State Bar No. 015065)
   jflynn@dioguardiflynn.com
2  Mark Dioguardi (State Bar No. 6329)
   mdioguardi@dioguardiflynn.com
3  Todd A. Williams (State Bar No. 020066)
   twilliams@dioguardiflynn.com
4  **DIOGUARDI FLYNN LLP**
   7001 N. Scottsdale Road, Suite 2060
5  Scottsdale, Arizona  85253
   Telephone: 480-951-8800
6  Facsimile: 480-951-8824
   *Attorneys for Defendant John Doe 5*

7
                    **IN THE UNITED STATES DISTRICT COURT**
8
                      **FOR THE DISTRICT OF ARIZONA**
9

10  VENTURA CONTENT, LTD., an Anguilla       | Case No. _____
    corporation; and VISTA DISTRIBUTION,
11  LTD., an Anguilla corporation,           | *United States District Court For the*
                                             | *District of Central California's Civil*
12                          Plaintiffs,      | *Action No. CV 12-4515-RGK-AGR*
13          vs.
                                             | **MOTION TO QUASH SUBPOENA**
14  JOHN DOE 1, the owner of domain name
    HISLUT.COM; JOHN DOE 2, the owner of     | Oral Argument Requested
15  domain name MYHOTBOOK.COM; JOHN
    DOE 3, the owner of domain name
16  THEHOTLOOP.COM; JOHN DOE 4, the
    owner of domain name SLUTLOAD.COM;
17  JOHN DOE 5, the owner of domain name
    YOUJIZZ.COM; and SNTS-INVEST KFT, a
18  foreign entity,
19                          Defendants.
20

21        Defendant JOHN DOE 5, through its undersigned counsel, moves to quash the

22  subpoena duces tecum served by Plaintiffs on non-party "Domains By Proxy, LLC"

23  (located in Scottsdale), which requires Domains By Proxy, LLC to disclose the identity

24  and personal information of defendant JOHN DOE 5.  This Motion is made on the

25  ground that Plaintiffs have failed to make the required showing necessary to pierce the

26  constitutionally protected anonymity of JOHN DOE 5 under Arizona law.

27  //

28  //

                                          1

75671

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.      PROCEDURAL BACKGROUND.

This matter emanates out of a case filed by Plaintiffs in the U.S. District Court for the Central District of California ("California District Court") for alleged copyright infringement and related counts.  Plaintiffs applied to the California District Court for leave to seek early discovery, prior to a Rule 26(f) conference, of JOHN DOE 5's identity and personal information.  Plaintiffs represented to the California District Court that the applicable legal standard was essentially the most lenient of the various tests followed by different courts around the country, despite the fact that state and federal courts in Arizona have repeatedly applied the most stringent of such tests.[1]

A copy of the Minute Entry of the California District Court setting forth its order permitting Plaintiffs to issue the subject Subpoena is attached to this motion as Exhibit A, and a copy of the subject Subpoena subsequently issued out of the U.S. District Court for the District of Arizona ("Arizona District Court") to Domains By Proxy, LLC is attached as Exhibit B (the "Subpoena").  As can be seen in the final paragraph of the Exhibit A Minute Entry, the California District Court allowed for the opportunity for JOHN DOE 5 to file a Motion to Quash the Subpoena, which JOHN DOE 5 now submits.

It should be noted that JOHN DOE 5 is a non-U.S. company with no contacts in the United States, except that JOHN DOE 5 utilizes Domains By Proxy, LLC as its internet domain registrar, through which JOHN DOE 5 holds its internet domain on a confidential basis.  Merely utilizing Domains By Proxy, LLC does not constitute sufficient "minimum contacts" to allow for personal jurisdiction in the U.S. courts over JOHN DOE 5.  Thus, JOHN DOE 5 makes this limited appearance solely for the purpose of seeking to quash the Subpoena in order to protect its constitutionally

---

[1] Even the applicable standard in the California District Court was not properly presented by Plaintiffs to that court.

2

75671

1    protected identity, and reserves all rights to challenge jurisdiction and venue in the

2    underlying action.

3    **II.      THE APPLICABLE LEGAL STANDARD FOR ALLOWING**
      **DISCOVERY OF THE IDENTITY OF AN INTERNET USER.**

4

5    Courts have applied a variety of standards in addressing discovery seeking to

6    identify anonymous internet users.  In its Minute Entry permitting Plaintiffs to serve the

7    Subpoena, the California District Court applied arguably the most lenient standard that

8    has been applied by courts, essentially permitting the Plaintiffs to rest on the bare

9    allegations of the Complaint.  Both the state and federal courts in Arizona, however,

10   have repeatedly applied a more stringent "summary judgment" standard requiring the

11   party seeking discovery regarding an anonymous internet user to provide actual

12   evidence sufficient to resist a motion for summary judgment before invading the First

13   Amendment protections of the anonymous user.

14   Judge Campbell of this Court adopted the more stringent summary judgment

15   standard in *Ecommerce Innovations L.L.C. v. Does 1-10*, 2008 WL 5082292 (D. Ariz.

16   2008).  The *Ecommerce Innovations* case was almost identical to the case at hand.  The

17   *Ecommerce Innovations* case originated out of the California District Court as an

18   internet trade defamation case.  The plaintiff in the *Ecommerce Innovations* case

19   arranged for a subpoena to be issued out of the Arizona District Court seeking to

20   require non-party Xcentric Ventures, L.L.C. to produce to Ecommerce all documents

21   revealing the identity of anonymous internet user John Doe defendants.  Judge

22   Campbell expressly adopted the three-part standard set forth in *Mobilisa, Inc. v. Doe 1*,

23   217 Ariz. 103, 170 P.3d 712 (Ct. App. 2007), stating that:

24   //

25   //

26   //

27   //

28   //

3

75671

1

2
> To obtain the identity of the anonymous poster, Ecommerce must
> show that it would ***survive a motion for summary judgment*** on all

3
> elements of the trade libel or defamation claim within
> Ecommerce's control; that is, on all elements not dependent upon

4
> knowing the identity of the anonymous poster.  Placing this burden
> on Ecommerce "furthers the goal of compelling identification of

5
> anonymous internet speakers only as a means to redress legitimate

6
> misuses of speech rather than as a means to retaliate against or
> chill legitimate uses of speech."

7

8
*Ecommerce Innovations,* 2008 WL 5082292 at * 1 (emphasis added; internal citations

9
omitted) quoting *Mobilisa*, 217 Ariz. at 111, 170 P.3d at 720.

10
      The Arizona Court of Appeals' analysis in *Mobilisa*, adopted by Judge Campbell

11
in *Ecommerce Innovations*, provides further insight into the important considerations

12
necessitating the First Amendment protections at issue in these cases.

13
> The United States Supreme Court has held that the First

14
> Amendment to the United States Constitution protects a person's
> right to speak anonymously, *Buckley v. Am. Constitutional Law*

15
> *Found., 525* U.S. 182, 199–200, 119 S.Ct. 636, 142 L.Ed.2d 599
> (1999); *McIntyre v. Ohio Elections Comm'n,* 514 U.S. 334, 341–

16
> 51, 357, 115 S.Ct. 1511, 131 L.Ed.2d 426 (1995); *Talley v.*

17
> *California,* 362 U.S. 60, 64–65, 80 S.Ct. 536, 4 L.Ed.2d 559
> (1960), and that the protections of the First Amendment fully

18
> extend to speech on the internet, *Reno v. Am. Civil Liberties*

19
> *Union,* 521 U.S. 844, 870, 117 S.Ct. 2329, 138 L.Ed.2d 874
> (1997).  Because a court order is state action that is subject to

20
> constitutional restraint, courts have acknowledged that the issuance

21
> of discovery orders and subpoenas compelling disclosure of the
> identities of anonymous internet speakers raises First Amendment

22
> concerns. *See, e.g., Sony Music Entm't, Inc. v. Does 1–40,* 326

23
> F.Supp.2d 556, 563 (S.D.N.Y.2004); *2TheMart.com,* 140
> F.Supp.2d at 1091–92; *Dendrite Int'l, Inc. v. John Doe No. 3,* 342

24
> N.J.Super. 134, 775 A.2d 756, 760–61 (App.Div.2001); *Cahill,*
> 884 A.2d at 456.  Recognizing the internet as a unique "democratic

25
> forum for communication," one court concluded, "the

26
> constitutional rights of Internet users, including the First
> Amendment right to speak anonymously, must be carefully

27
> safeguarded." *2TheMart.com*, 140 F.Supp.2d at 1097.

28
*Mobilisa,* 217 Ariz. at 108, 170 P.3d at 717.

4

75671

1    The Arizona Court of Appeals went on in *Mobilisa* to evaluate different potential

2  standards to use in determining whether to allow discovery of an anonymous internet

3  speaker's identity:

> In summary, we hold that in order to compel discovery of an
> anonymous internet speaker's identity, the requesting party must
> show: (1) the speaker has been given adequate notice and a
> reasonable opportunity to respond to the discovery request, (2) the
> requesting party's cause of action could survive a motion for
> summary judgment on elements not dependent on the speaker's
> identity, and (3) a balance of the parties' competing interests favors
> disclosure.

10  *Id.*, 217 Ariz. at 112, 170 P.3d at 721.  *See also*, *Best Western Intl., Inc. v. Doe*, 2006

11  WL 2091695 (D. Ariz. 2006) (similarly applying the more stringent summary judgment

12  standard in determining whether to permit discovery of an anonymous internet user).

13  This Court should apply the standard requiring Plaintiffs to produce evidence sufficient

14  to survive a motion for summary judgment (something they have not even attempted to

15  do) and quash the Subpoena.

### III.    ANALYSIS IN THE INSTANT CASE:   PLAINTIF HAS FAILED TO SATISFY ITS BURDEN TO MEET THE THREE PART *MOBILISA* TEST.

19    Not only have the Plaintiffs in this case failed to satisfy the second two parts of

20  the *Mobilisa* test (*i.e.*, showing that the plaintiff could survive summary judgment, and

21  that a balancing of the parties' interests favors disclosure), Plaintiffs did not even

22  attempt to satisfy the *Mobilis*a standard, having presented a different standard to the

23  California District Court as the applicable standard, requiring nothing more than a

24  review of the bare allegations of the Complaint.

25    As can be seen from the first paragraph on page two of the California District

26  Court's Minute Entry attached as Exhibit A, Plaintiffs cited a standard to the California

27  court that only required Plaintiffs to "show that its action could survive a <u>motion to</u>

28  <u>dismiss</u>."   Such a standard requires only a review of Plaintiffs' complaint, and no

5

75671

1     showing as to the actual evidence.  In contrast, the standard that has been repeatedly

2     applied in this Court and in Arizona state court from the *Mobilisa* case is that the party

3     requesting the subpoena must show that "the requesting party's cause of action could

4     survive a <u>motion for summary judgment</u> on elements not dependent on the speaker's

5     identity."

6         To protect against an unjustified invasion of a John Doe defendant's right to

7     privacy and anonymity, a plaintiff seeking discovery to identify such a defendant must

8     therefore demonstrate "a real evidentiary basis … that the defendant has engaged in

9     wrongful conduct."  *Highfields Capital Mgt., L.P. v. Doe*, 385 F. Supp. 2d 969, 970

10    (N.D. Cal. 2005).  This means that the Plaintiffs:

11
12        Must adduce *competent evidence* – and the evidence plaintiff
          adduces must address *all* of the inferences of fact that plaintiff
          would need to prove in order to prevail under at least one of the
13        causes of action plaintiff asserts.  In other words, the evidence that
          plaintiff adduces must, if unrebutted, tend to support a finding of
14        *each* fact that is essential to a given cause of action.

15    *Id.* at 975-976 (emphasis in original).

16        Plaintiffs made absolutely no attempt to supply the court with any level of

17    evidentiary analysis or showing that it met this summary judgment standard.  Nor did

18    the California standard relied on by Plaintiffs include any form of the third part of the

19    *Mobilisa* test, *i.e.*, that a balancing of the parties' interests favors disclosure.  Having

20    made no attempt to even begin to satisfy its burden to evaluate a balancing of the

21    parties' respective interests, and satisfy this element of the *Mobilisa* test, Plaintiffs were

22    not entitled to have their Subpoena issued.

23    //

24    //

25    //

26    //

27    //

28    //

6

75671

1    Having failed to even attempt to meet the applicable standards for issuance of

2  the Subpoena as set forth in the *Mobilisa* test, the Subpoena served on Domains By

3  Proxy, LLC should be quashed.

4    RESPECTFULLY SUBMITTED this 17th day of August, 2012.

5                         **DIOGUARDI FLYNN LLP**

6

7

8                    By:   /s/ Mark Dioguardi
                          John P. Flynn
9                         Mark Dioguardi
                          Todd A. Williams
10                        *Attorneys for Defendant John Doe 5*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

75671

**Certification of Counsel Pursuant to LRCiv 7.2(j)**

I hereby certify that after personal consultation and sincere efforts to do so, counsel for JOHN DOE 5 have been unable to satisfactorily resolve this discovery dispute with Plaintiffs' counsel.

DATED:  August 17, 2012

**DIOGUARDI FLYNN LLP**

By:    /s/ Mark Dioguardi
           John P. Flynn
           Mark Dioguardi
           Todd A. Williams
           *Attorneys for Defendant John Doe 5*

75671

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2012, I electronically filed the foregoing MOTION TO QUASH SUBPOENA with the Clerk of the United States District Court for the District of Arizona, using the online CM/ECF system.

Notice of said filing will be sent by the Court to all counsel of record registered for electronic filing.

A copy of the foregoing document was sent via U.S. Mail, postage prepaid, from Maricopa County, Arizona, this 17th day of August, 2012, to each of the following parties:

Deborah Baker, Esq.
Lipscomb, Eisenberg and Baker, PL
2 S. Biscayne Boulevard, Ste. 3800
Miami, FL  33131
*Counsel for Plaintiffs*

By: __/s/ Duana Honesty_____

9

75671