**EXHIBIT A**
**TO**
**MOTION TO QUASH SUBPOENA**


<u>Minute Entry</u>


See the following 2 pages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 12-04515-RGK (AGRx) | Date | June 28, 2012 |
| Title | *VENTURA CONTENT, LTD. et al. v. DOES 1-5 et al.* | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) ORDER RE: Plaintiffs' Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (DE 2)**

On May 24, 2012, Ventura Content, Ltd. ("Ventura") and Vista Distribution, Ltd. ("Vista") (collectively, "Plaintiffs") filed a Complaint against SNTS Invest KFT ("SNTS") and Does 1-5, who are the unknown owners of five websites (collectively, "Defendants"). Ventura alleges copyright infringement against Does 1-3 (claim one), while Vista alleges false designation of origin in violation of 15 U.S.C. § 1125(a) against all Defendants (claims two and three) and contributory false designation of origin against Does 1-3 (claim four). Specifically, Plaintiffs allege that Does 1-3 removed Vista's Pink Visual trademark ("the Trademark") from Ventura's copyrighted adult motion pictures ("the Videos") and replaced the Trademark with the marks of their own websites. (Compl. ¶ 1.) Plaintiffs further allege that Does 1-3 then redistributed the rebranded Videos on websites belonging to Does 4 and 5 and SNTS. (Compl. ¶ 1.) Plaintiffs conducted a search of the WHOIS database to discover the identity of Does 1-5. This search indicated that the registrant for Doe 1's website is Protected Domain Services ("PDS") and the registrant for Doe 2-5's websites is DomainsByProxy.com ("DBP"). (Compl. ¶¶ 6-15.) PDS and DBP are companies that act as registrants of domain names, allowing the actual purchasers of websites to remain anonymous. On June 26, 2012, Plaintiffs withdrew their Motion as to Doe 4 after discovering the identity of Doe 4 from Doe 4's counsel. (DE 9.)

Plaintiffs now seek to serve limited immediate discovery on PDS and DBP so that Plaintiffs may learn the true identities of Does 1-3 and 5. (Mot. 1:6-8.) Plaintiffs intend to serve subpoenas on PDS and DBP, pursuant to Federal Rule of Civil Procedure ("Rule") 45, seeking to identify each remaining Doe's true name, address, telephone number, e-mail address, and credit card billing address. (Mot. 1:24-27.) For the reasons offered below, the Court **GRANTS** Plaintffs' Motion.

Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). District courts in the Ninth Circuit have allowed pre-conference discovery upon a showing of "good cause." *See, e.g., UMG Recording, Inc. v. Doe,* 2008 WL 4104207 (N.D. Cal. Sept. 4, 2008);

*Arista Records, LLC v. Does 1-43*, 2007 WL 4538697 (S.D. Cal. Dec. 20, 2007); *Capitol Records, Inc. v. Doe*, 2007 WL 2429830 (S.D. Cal. Aug. 24, 2007); *Smitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002). The majority of district courts in the Ninth Circuit evaluate four factors in determining "good cause," requiring the moving party to: (1) identify the defendant with enough specificity to allow the Court to determine whether the defendant is a real person or entity who could be sued in federal court, (2) recount the steps taken to locate the defendant, (3) show that its action could survive a motion to dismiss, and (4) prove that the discovery is likely to lead to identifying information that will permit service of process. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-79 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

Because Plaintiffs have provided the Court with the results of their WHOIS searches, they have identified Does 1-3 and 5 with the greatest specificity possible given the information available. (Compl. ¶¶ 5-16.) The owners of these domain names are real persons or entities who could be sued in federal court. Moreover, Plaintiffs have also recounted the steps taken to locate Defendants.

Plaintiffs have also sufficiently pled their claims such that at least some of their claims could survive a motion to dismiss. Plaintiffs have pled sufficient factual allegations of Ventura's ownership of various copyrights and that Does 1-3 copied constituent elements of the copyrighted works. (Compl. ¶¶ 21-23, 37; Ex. A to Compl.) Plaintiffs have also pled sufficient factual allegations that all Defendants are using the rebranded videos in commerce, that all Defendants used a false designation of origin, and that all Defendants' false designations of origin are likely to cause confusion. (Compl. ¶ 18, 39-43, 57, & 63; Ex. B to Comp.) The Court therefore finds that at least some of Plaintiffs' claims could survive a motion to dismiss.

Finally, Plaintiffs have proven that the discovery is likely to lead to identifying information that will permit service of process. Plaintiffs have alleged that PDS and DBP have the records necessary to identify Does 1-3 and 5. (Compl. ¶¶ 6-15; Vivas Decl. to Mot. ¶ 3.) Plaintiffs are therefore likely to recover the identifying information of Does 1-3 and 5 through the requested subpoenas.

In light of the foregoing, the Court **GRANTS** Plaintiffs' Motion. Accordingly, it is ordered that:

1. Plaintiffs may serve subpoenas, pursuant to Federal Rule of Civil Procedure 45, on PDS and DBP that seek information sufficient to identify Does 1-3 and 5, including their names, current addresses, telephone numbers, e-mail addresses, and credit card billing addresses;

2. Plaintiffs may only use the information disclosed for the sole purpose of protecting their rights in pursuing this litigation;

3. Within thirty (30) calendar days after service of the subpoenas, PDS and DBP shall notify the subscribers that their identities are sought by Plaintiffs and shall deliver a copy of this order to them;

4. If PDS, DBP, and/or Defendant(s) wish to move to quash the subpoena, they shall do so before the return date of the subpoena. If such a motion is brought, PDS or DBP shall nonetheless preserve the information sought in the subpoena pending resolution of such motion.

**IT IS SO ORDERED.**

Initials of Preparer  slw